UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY S.,[1]<br><br>                      Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security ,<br><br>                      Defendant. | Case No.: 23-CV-2224 JLS (MSB)<br><br>**ORDER GRANTING JOINT MOTION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**<br><br>(ECF Nos. 11, 12) |

      Presently before the Court is the Parties' Joint Motion for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act ("Mot.," ECF No. 11). Plaintiff Jenny S. filed a Supplemental Document ("Suppl.," ECF Nos. 12, 12-1) containing an excerpt of her fee agreement with her counsel, and an itemization of her attorney's time. Having carefully considered the Parties' arguments and the applicable law, the Court **GRANTS** the Motion.

/ / /

/ / /

---

[1] Pursuant to Civil Local Rule 7.1(e)(6)(b), "[o]pinions by the Court in [Social Security cases arising under 42 U.S.C. § 405(g)] will refer to any non-government parties by using only their first name and last initial."

## BACKGROUND

On December 5, 2023, Plaintiff filed a Complaint ("Compl.," ECF No. 1) requesting the Court set aside Defendant's decision denying Plaintiff disability insurance benefits. The Parties then filed a Joint Motion for Voluntary Remand pursuant to 42 U.S.C. § 405(g), sentence four, *see* ECF No. 9, which this Court granted, *see* ECF No. 10. The instant Motion followed, in which the Parties stipulate to an award of attorney's fees in the amount of $849.73 and costs in the amount of $0.00. Mot. at 2. The Parties also note that, though the fees should be ordered payable to Plaintiff, the government will, after calculating any offset, cause payment to be made to Plaintiff's counsel Johnathan O. Peña per the assignment executed by Plaintiff. *Id.*; *see also* Suppl. (containing fee agreement assigning Equal Access to Justice Act attorney's fees to Plaintiff's counsel). The Supplement indicates Plaintiff's counsel spent two hours reviewing Plaintiff's case and 1.5 hours drafting the complaint and other documents. *Id.*

## LEGAL STANDARD

The Equal Access to Justice Act ("EAJA") provides, in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The EAJA also permits an award of costs to the prevailing party in accordance with 28 U.S.C. § 1920. *See id.* § 2412(a)(1).

## ANALYSIS

"Under the EAJA, attorneys' fees are to be awarded to a party winning a sentence-four remand unless the Commissioner shows that his position with respect to the issue on which the district court based its remand was 'substantially justified.'" *Ulugalu v.*

*Berryhill*, No. 17-cv-1087-GPC-JLB, 2018 WL 2012330, at *2 (S.D. Cal. Apr. 30, 2018) (quoting *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002)).  Defendant has stipulated to an award of fees and does not argue that the Social Security Administration's position was substantially justified.  The Court thus agrees with the Parties that fees are warranted here.

The quantum of fees awarded under the EAJA is based upon prevailing market rates for the kind and quality of the services provided.  28 U.S.C. § 2412(d)(2)(A).  Such fees, however, shall not exceed $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A)(ii).  For 2023, the Ninth Circuit's statutory maximum rate under the EAJA, factoring in cost of living, was $244.62.  *See Statutory Maximum Rates Under the Equal Access to Justice Act*, United States Courts for the Ninth Circuit, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited June 17, 2024).

Here, Plaintiff requests fees for 3.5 hours of attorney work at the hourly rate of $242.78, totaling $849.73.  *See* ECF No. 12-1.  The Court finds both the rate—slightly less than the Ninth Circuit's 2023 maximum hourly rate under the EAJA—and the hours expended to be reasonable.  *Cf. Ulugalu*, 2018 WL 2012330, at *3–4 (approving award of fees at the then-prevailing Ninth Circuit EAJA rate for 25.3 attorney hours and 9.9 paralegal hours worked).  Further, Defendant stipulates to an award of fees in the requested amount.  *See* Mot. at 2.  Accordingly, the Court finds the fees requested by Plaintiff and stipulated to by Defendant reasonable and awardable.

## CONCLUSION

Good cause appearing, the Court **GRANTS** Plaintiff's Motion (ECF No. 11) and **AWARDS** to Plaintiff fees in the amount of $849.73.  This award is subject to the terms of the Motion, including any offset allowed under the United States Department of the Treasury's Offset Program as discussed in *Astrue v. Ratliff*, 560 U.S. 586, 591–98 (2010). Fees will be made payable to Plaintiff, but if the Department of the Treasury determines

1  that Plaintiff does not owe a federal debt, then the government shall cause the payment of
2  fees to be made directly to Plaintiff's counsel, Johnathan O. Peña.
3  **IT IS SO ORDERED.**
4  Dated: June 24, 2024

                                               Hon. Janis L. Sammartino
                                               United States District Judge

4

23-CV-2224 JLS (MSB)